1 F.3d 1245
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Michael J. VEYSADA, Defendant/Appellant.
 Nos. 92-3392, 92-3393.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.*
Decided Aug. 3, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 While investigating a local bank robbery, Berwyn, Illinois detectives received an anonymous tip that Michael "Veysoda" had bragged about committing a bank robbery. The Berwyn detectives followed up on this tip, leading to the arrest of Michael Veysada for bank robbery. After Veysada was brought to the station he confessed to the bank robbery and three others. Veysada pleaded guilty to all four bank robberies. This direct criminal appeal concerns an issue disputed at the sentencing hearing.
 
 
 2
 Veysada argues that we should remand this case to the district court so that it may consider whether he is entitled to a reduction in his sentence for confessing to the three bank robberies. Claiming that the judge never considered the issue because she thought that she could not under the law, Veysada urges a remand on this ground. The government counters that the judge refused to reduce the sentence because she found that Veysada, on the facts of the case, did not warrant a reduction.
 
 
 3
 The only instance in which we have jurisdiction to review a judge's decision not to depart downward from an applicable guidelines range is when the judge's decision "is the product of a conclusion that the judge lacks authority to depart." United States v. Poff, 926 F.2d 588, 590-91 (7th Cir.1991) (en banc). Veysada asked the court to depart from the guidelines range based on what was then a proposed amendment to U.S.S.G. Sec. 3E1.1 (since adopted) providing a defendant with an extra level of reduction for acceptance of responsibility if such acceptance were accompanied by assistance to the government's investigation by timely notification of the defendant's (1) involvement in the crime or (2) intent to plead guilty. The judge commented on this request as follows.
 
 
 4
 Defendant contends that this amendment should be employed in this instance since it should be adopted in November 1992. However, under current law, defendant is not entitled to such an additional reduction and, as the government suggests, defendant has not demonstrated why this provision should be applied to him in anticipation of a change in the Guidelines. Therefore, this court denies defendant's request for an additional one point reduction based upon this proposed amendment.
 
 
 5
 These remarks do not support a finding that the judge believed she could not consider whether Veysada qualified for further reduction of his sentence. True, the judge said that under current law Veysada was not entitled to an additional reduction. She added, however, that Veysada had not shown that he was entitled to the reduction in the event it applied.
 
 
 6
 That the judge had no inclination to grant the reduction is supported by her decision regarding Veysada's request for a downward departure based on U.S.S.G. Sec. 5K2.16. Under that section if a defendant voluntarily discloses his crimes which the government might not otherwise have discovered, he may be eligible for a downward departure. In considering that argument the judge held that Veysada confessed to the other bank robberies only because he knew that discovery of those other crimes was likely or imminent. The FBI had already linked the robberies based on similarities in modus operandi, and Berwyn officials had Veysada dead to rights on the Berwyn robbery. Although the court granted a two-level reduction for acceptance of responsibility, it did not "find defendant's actions to be exceptional enough to warrant an additional departure." Mem.Op. and Ord. at 14. We find that the court's decision not to depart downward from Veysada's sentence was an exercise of its discretion and not subject to our review.
 
 
 7
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record